JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0844 AG (JCGx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | FRANCISCO SANCHEZ ET AL. v. ARB, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**    **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

Plaintiff Francisco Sanchez filed this wage-and-hour class action in state court asserting ten state law causes of action against Defendant ARB, Inc. (Complaint, Dkt. No. 1, Ex. A.) Defendant argues that some of Plaintiff's causes of action are preempted under Section 301 of the Labor Management Relations Act ("LMRA"), compelling federal jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, Dkt. No. 1 ¶ 19.)

Plaintiff now seeks to remand the action back to state court. ("Motion," Dkt. No. 12.) The Motion is GRANTED.

**1.    BACKGROUND**

Defendant performs construction work for industrial facilities and underground structures. (Notice of Removal ¶ 9.) When Defendant needs workers for a project, it contacts the local Union hiring hall. (*Id.* ¶ 15.) Through the Union, Defendant hired Plaintiff in February 2012. (*Id.* ¶ 16.) Plaintiff worked for Defendant through December 2014. (*Id.*)

During Plaintiff's employment with Defendant, three separate collective bargaining agreements ("CBAs") governed his wages, hours, and working conditions at different times.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0844 AG (JCGx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | FRANCISCO SANCHEZ ET AL. v. ARB, INC. | | |

(Notice of Removal ¶ 12 ("2010 CBA"); *id.* ¶ 13 ("2012 CBA"); *id.* ¶ 14 ("2014 CBA").)
In addition to the three CBAs, California's Industrial Welfare Commission Wage Order No. 16-2001 ("Wage Order No. 16") governed Plaintiff's employment. *See* Cal. Code Regs., tit. 8, § 11160, subd. (1) ("This order shall apply to all persons employed in the on-site occupations of construction . . .").

On February 22, 2016, Plaintiff filed a complaint alleging that Defendant violated several wage-and-hour laws, including failing to pay overtime wages and failing to provide meal and rest periods. (Complaint.) On May 5, 2016, Defendant removed the Complaint to this Court. (Notice of Removal.) Now, Plaintiff seeks to remand the action back to state court.

## 2.    LEGAL STANDARD

Complaints filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the complaint. 28 U.S.C. § 1441(a). When a plaintiff moves to remand, a defendant bears the burden of showing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Generally, for a federal court to have jurisdiction over a purported federal claim, the federal claim must appear on the face of a well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But the "complete preemption doctrine" is an exception to this rule. *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003). When complete preemption applies, "federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003)).

Among other statutes, the complete preemption exception sometimes applies to Section 301 of the LMRA. *Id.* Section 301 allows federal courts to hear cases involving labor disputes governed by a CBA. *See* 29 U.S.C. § 185(a).

But some further case-by-case analysis is required before invoking complete preemption under Section 301. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0844 AG (JCGx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | FRANCISCO SANCHEZ ET AL. v. ARB, INC. | | |

Courts in the Ninth Circuit generally apply the following two analyses to decide if preemption is proper. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007).

First, complete preemption can apply if the employee's right "exists solely as a result of the CBA." *Burnside*, 491 F.3d at 1059. Stated differently, if a cause of action *involves* a right conferred upon an employee by state law, and does not arise solely due to the CBA, preemption does not automatically apply. *See id.*

In those cases, the analysis must continue to the second way courts have found Section 301 preemption. Specifically, if the right exists outside of the CBA, complete preemption may apply if the claim is "substantially dependent on analysis of a [CBA]." *Id.* (internal quotations omitted) (quoting *Caterpillar Inc., v. Williams*, 482 U.S. 386 (1987)). The question at this point becomes: what is substantially dependent? Basically, if the analysis only requires "looking to" the CBA, then the claim is not preempted. *Id.* at 1060. But if the analysis requires interpretation of the terms of the CBA, it is preempted. *Id.* The term "interpret" in this context is construed narrowly—meaning something more than "consider," "refer to," "look to," or "apply." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000); *Livadas v. Bradshaw*, 512 U.S. 107, 124–25 (1994).

But, ultimately, "[s]ubstantial dependence on a CBA is an inexact concept, turning on the specific facts of each case . . . ." *Cramer v. Consol Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (internal quotations omitted).

## 3.    ANALYSIS

Defendant argues that Plaintiff's first, third, and fourth causes of action—for failure to pay overtime wages and failure to provide meal and rest periods—either exist solely as a result of the CBAs or require interpretation of the CBAs, and thus entail LMRA Section 301 preemption. And because this Court has original jurisdiction over those causes of action, so Defendant argues, this Court should exercise supplemental jurisdiction over the remaining claims.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0844 AG (JCGx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | FRANCISCO SANCHEZ ET AL. v. ARB, INC. | | |

Plaintiff disagrees, arguing that its claims plainly stem from violations of state law and do not rely on an analysis of the CBAs. As such, removal was improper.

Plaintiff has the better side of the argument.

### 3.1    Whether Plaintiff's Rights Exist Solely as a Result of the CBAs

Defendant first argues that Plaintiff's overtime, meal, and rest period causes of action exist solely as a result of the CBAs, warranting Section 301 preemption. *See Burnside*, 491 F.3d at 1059.

First, let's look at Plaintiff's overtime claim. Plaintiff brings this claim under Sections 510 and 1194 of the California Labor Code, as well as under Wage Order No. 16. (Complaint ¶ 29.) Defendant argues that Plaintiff falls within an exception to Section 510. Specifically, Section 510 does not apply to an employee covered by a valid CBA in certain circumstances. Cal. Lab. Code § 514. As such, Defendant argues that Plaintiff's claim exists solely as a result of the CBAs. (Opp'n at 10:11–12.)

But if Plaintiff's overtime claim under California law fails as a result of that exception, that doesn't mean this Court has jurisdiction. *Placencia v. Amcor Packaging Distribution, Inc.*, No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal. May 12, 2014). Instead, it means that Defendant has a good defense. *Id.* And "[Section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691; *Caterpillar*, 482 U.S. at 398–99.

Now let's turn to the meal and rest period claims. Plaintiff alleges meal and rest period violations under Sections 226.7 and 512 of the California Labor Code, as well as under Wage Order No. 16. (Complaint ¶¶ 42, 49.) Like the overtime claim, Defendant argues that Plaintiff falls within exceptions to the state provisions, that his only claim can be brought under the CBAs, and that therefore his claim would be limited to rights existing solely in the CBAs. (Opp'n at 6:17–18; 15:3–5.) Again, Defendant's arguments would be more appropriately received as defenses in state court. *Placencia v. Amcor Packaging Distribution, Inc.*,

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0844 AG (JCGx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | FRANCISCO SANCHEZ ET AL. v. ARB, INC. | | |

No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal. May 12, 2014).

Any way you slice it, Defendant makes cursory and conclusive arguments, and has not met its burden of showing proper removal under this approach. *See Gaus*, 980 F.2d at 566.

### 3.2    Whether Plaintiff's Claims Require Interpretation of the CBAs

Defendant argues that preemption should still kick in because Plaintiff's claims are "substantially dependent" on an analysis of the CBAs. But all of Plaintiff's claims fall short of requiring "substantial dependence" on interpreting the CBAs' terms.

Regarding Plaintiff's overtime claim, Defendant brings up a good point that not one but three CBAs govern Plaintiff's employment, which could complicate matters and require more analysis. But it is pushing it to say that applying the overtime provisions requires more than "consideration" or "looking to" the CBAs' terms. For example, the 2010 CBA states that "[a]ll hours in excess of forty (40) hours in any one (1) week shall be compensated at the applicable overtime rate." (Dkt. No. 1, Ex. G.) No terms in that statement require mental maneuvering. And the remaining terms of the provision are no different. Even if extensive, no interpretation seems necessary. At least, Defendant has not convinced us as such.

The same goes for the meal and rest period provisions. For example, "[e]mployees shall be authorized and shall be permitted to take a total of ten (10) minutes during each four (4) hour segment of their assigned work shift for a rest period." (2014 CBA, Dkt. No. 1, Ex. I.) And, "[a]ny employee required to work more than two (2) hours overtime at the end of a shift shall be permitted a one-half (½) hour meal period for which he/she shall receive regular overtime pay." (2012 CBA, Dkt. No. 1, Ex. H.) Such statements are straight to the point. Any reference to or application of their language, or comparison of protections with the state provisions, does not rise to the level of interpretation.

Because none of Plaintiff's claims fall within the scope of Section 301 preemption, this Court does not have federal question jurisdiction. And without federal question jurisdiction, the Court also declines to exercise supplemental jurisdiction over Plaintiff's remaining causes of

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0844 AG (JCGx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | FRANCISCO SANCHEZ ET AL. v. ARB, INC. | | |

action. *See* 28 U.S.C. § 1367. The Court, therefore, GRANTS Plaintiff's Motion to Remand.

**4.     FEES**

Since the Court grants the Motion to Remand, the Court turns next to fees. Plaintiff asks the Court to order Defendant reimburse Plaintiff $2,711.50 under 28 U.S.C. § 1447(c) for the costs incurred in filing this Motion, including attorney fees. (Motion at 7:13-16.)

Awarding fees under this statute is proper where the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But Defendant here had an objectively reasonable basis for seeking removal. As noted earlier, complete preemption applies to Section 301 of the LMRA if the right exists solely in a CBA or if the cause of action is substantially dependent on an analysis of a CBA. *Burnside*, 491 F.3d at 1059. And as further noted, "substantial dependence is an inexact concept, turning on the specific facts of each case . . ." *Cramer*, 255 F.3d at 691. The line, therefore, is not bright. Even though it ultimately lost, there was room for Defendant to argue in good faith that the facts here warrant a different outcome.

Plaintiff's request for fees is therefore DENIED.

**5.     DISPOSITION**

The Motion is GRANTED. This case is REMANDED to the appropriate state court. Plaintiff's request for fees is DENIED.

:     0

Initials of
Preparer          lmb